IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | * * * | |
| Plaintiff, | * * | Civil Action No.: |
| vs. | * * | 5:17-CV-501 (MTT) |
| GARY A. DAWSON, RODNEY P. DAWSON, and KAY S. DAWSON, Individually or as Executrix of the Estate of JOHN W. DAWSON, JR. | * * * * * * | |
| Defendants. | * | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

COME NOW Defendants Gary A. Dawson ("G. Dawson"), Rodney Dawson ("R. Dawson"), and Kay S. Dawson ("K. Dawson"), individually or as Executrix of the Estate of John W. Dawson, Jr., (collectively, "Defendants"), Defendants in the above captioned civil action, and hereby file their Answer to Plaintiff's Amended Complaint respectfully showing the Court as follows:

**FIRST DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's action is barred by the doctrine of waiver. Plaintiff did intentionally and voluntarily relinquish a known right and benefit which it would have otherwise enjoyed. Specifically, Plaintiff did waive the requirement that obstructions be kept 1000 feet away from

the VORTAC site and decreased said requirement to 500 feet. See Exhibit "A" attached hereto which has been partially redacted to pursuant to the attorney-client privilege.

### THIRD DEFENSE

Plaintiff's action is barred by the doctrine of modification because Plaintiff modified the term of the lease in question to allow the existence of the center pivot irrigation system at issue so long as it remained in excess of 500 feet from the VORTAC site. See Exhibit "A" attached hereto which has been partially redacted to pursuant to the attorney-client privilege.

### FOURTH DEFENSE

Plaintiff's action is barred by the doctrine of unclean hands. A party seeking the benefit of equity must do equity. Plaintiff has failed to pay the Defendants rents which are due and owing under the lease.

### FIFTH DEFENSE

Subject to and without waiving the foregoing affirmative defenses, Defendants answer the enumerated paragraphs of Plaintiff's Amended Complaint and the various allegations contained therein as follows:

### JURISDICTION AND VENUE

1.

Defendants admit the allegations contained in paragraph 1 of Plaintiff's Amended Complaint.

2.

Defendants admit the allegations contained in paragraph 2 (a) of Plaintiff's Amended Complaint. Defendants deny the allegations contained in paragraph 2 (b) of Plaintiff's Amended Complaint as pled. Defendants admit the allegations contained in paragraph 2 (c) of Plaintiff's

Amended Complaint. Defendants admit that the Middle Judicial District of Georgia and its Macon Division therein is the proper venue of this action.

## RELEVANT BACKGROUND

3.

Defendants admit the allegations contained in paragraph 3 of Plaintiff's Amended Complaint.

4.

Defendants admit the allegations contained in paragraph 4 of Plaintiff's Amended Complaint.

5.

Defendants admit that the FAA established a VORTAC facility on the leased property in Pulaski County, Georgia. Defendants are without knowledge or information sufficient to allow them to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Amended Complaint and therefore the same stands denied.

6.

Defendants are without knowledge or information sufficient to allow them to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Amended Complaint and therefore the same stands denied.

7.

Defendants admit that the FAA has a VORTAC site on the leased premises in Pulaski County, Georgia. Defendants are without knowledge or information sufficient to allow them to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Amended Complaint and therefore the same stands denied.

8.

Defendants are without knowledge or information sufficient to allow them to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Amended Complaint and therefore the same stands denied.

9.

Defendants are without knowledge or information sufficient to allow them to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Amended Complaint and therefore the same stands denied.

10.

Defendants are without knowledge or information sufficient to allow them to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Amended Complaint and therefore the same stands denied.

11.

Defendants admit the allegations contained in paragraph 11 of Plaintiff's Amended Complaint.

12.

Defendants admit the allegations contained in paragraph 12 of Plaintiff's Amended Complaint.

13.

Defendants deny that they had actual knowledge of the any clause in the Lease requiring obstructions to be kept one thousand (1000) feet away from VOR site. Defendants admit the remaining allegations contained in paragraph 13 of Plaintiff's Amended Complaint.

14.

Defendants admit the allegations contained in paragraph 14 of Plaintiff's Amended Complaint.

## **CRITICAL TERMS OF LEASE**

15.

Paragraph 15 of Plaintiff's Amended Complaint requires no response from Defendants as it contains no allegations of fact. In further response, Defendants deny any allegations contained in paragraph 15 of Plaintiff's Amended Complaint.

16.

Defendants are without knowledge or information sufficient to allow them to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Amended Complaint and therefore the same stands denied.

17.

Defendants are without knowledge or information sufficient to allow them to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Amended Complaint and therefore the same stands denied.

18.

Defendant admits that the Lease requires that there be no obstructions within one thousand (1,000) feet of the radio signal transmitter antenna. Defendants respond further by stating that the FAA waived and/or modified the one thousand (1000) foot requirement and lowered it to five hundred (500) feet. Defendants deny the remaining allegations in paragraph 18 of Plaintiff's Amended Complaint as pled.

## VIOLATION OF THE LEASE BY THE DEFENDANTS AND INTERFERENCE WITH THE PERFORMANCE BY THE UNITED STATES OF THE GOVERNMANTAL AND SAFETY FUNCTIONS OF THE FAA

19.

Defendants deny as pled the first grammatical sentence of paragraph 19 of Plaintiff's Amended Complaint. Defendants deny that the center pivot at issue uses an "overhead sprinkler system." Defendants state that the center pivot at issue uses a "7 foot drop head" sprinkler system. Defendants admit the remaining allegations contained in paragraph 19 of Plaintiff's Amended Complaint.

20.

Defendants are without knowledge or information sufficient to allow them to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Amended Complaint and therefore the same stands denied.

## EFFECTS OF THE VIOLATION OF THE LEASE- VNA VOR HAS BEEN SHUT DOWN AND FLIGHT SAFETY HAS BEEN COMPROMISED

21.

Defendants are without knowledge or information sufficient to allow them to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Amended Complaint and therefore the same stands denied.

22.

Defendants are without knowledge or information sufficient to allow them to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Amended Complaint and therefore the same stands denied.

23.

Defendants are without knowledge or information sufficient to allow them to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Amended Complaint and therefore the same stands denied.

**RELIEF SOUGHT**

24.

Defendants deny the allegations contained in paragraph 24 of Plaintiff's Amended Complaint.

25.

Defendants admit that the Court may order a speedy hearing of a declaratory judgment action. However, Defendants request time to engage in discovery so as to fully develop the depth and extent of Plaintiff's waiver and modification of the lease at issue. Defendants deny any remaining allegations contained in paragraph 25 of Plaintiff's Amended Complaint.

26.

Defendants deny that Plaintiff is entitled the preliminary and permanent injunctions it seeks and therefore denies the allegations contained in paragraph 26 of Plaintiff's Amended Complaint.

27.

Paragraph 25 of Plaintiff's Amended Complaint requires no response from Defendants as it contains no allegations of fact. Defendants deny that Plaintiff is entitled to the requested injunction or declaratory judgment. Defendants deny any remaining allegations contained in paragraph 27 of Plaintiff's Amended Complaint.

## SIXTH DEFENSE

Any allegations of Plaintiff's Amended Complaint heretofore not answered and expressly admitted are hereby denied.

WHEREFORE, having answered Plaintiff's Amended Complaint, Defendants respectfully request the following:

(a) That the prayers of Plaintiff's Complaint be denied;

(b) That the Plaintiff's Complaint be dismissed with all costs taxed against Plaintiff;

(c) That Defendants be awarded cost of litigation, including attorneys' fees for the defense of this action;

(d) That Defendants have a trial by jury;

(e) That Defendants have such other and further relief as may be just and proper.

Respectfully submitted this 30th day of January, 2017.

/s/ William P. Horkan
William P. Horkan
GA Bar No. 940306
James Bates Brannon Groover LLP
231 Riverside Drive, Suite 100
P. O. Box 4283
Macon, GA 31208-4283
Ph. (478) 742-4280
Facsimile (478) 742-8720
Email: whorkan@jamesbatesllp.com



From: <Chris.Shoulders@faa.gov>
Date: July 13, 2017 at 7:07:30 AM EDT
To: <rodneypdawson@yahoo.com>
Cc: <michael.helvey@faa.gov>
Subject: RE: Slade property 2017 aso 5491 oe

Rodney,

Thanks for your response to the notice of presumed hazard, however, the current location of the pivot point already exceeds 500 feet from the facility.

In order to receive a favorable determination, at no time would any portion of the irrigation system be within 500 feet of the VOR. Is this the current configuration of the equipment? And if so, are you aware that the equipment must remain the appropriate distance from the NAVAID?

Chris Shoulders
Team Manager (A), Obstruction Evaluation Group, AJV-15
10101 Hillwood Parkway
Fort Worth, Texas 76177
Ph: (817) 222-5929
Chris.shoulders@faa.gov

Please visit our website:
https://oeaaa.faa.gov


-----Original Message-----
From: Rodney Dawson [mailto:rodneypdawson@yahoo.com]
Sent: Wednesday, July 12, 2017 8:45 PM
To: Shoulders, Chris (FAA) <Chris.Shoulders@faa.gov>
Subject: Slade property 2017 aso 5491 oe

The pivot will be kept 500 feet from the tower.

Sent from my iPad

1



# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | * * * | |
| Plaintiff, | * * | |
| vs. | * * | Civil Action No.: |
| GARY A. DAWSON, RODNEY P. DAWSON, and KAY S. DAWSON, Individually or as Executrix of the Estate of JOHN W. DAWSON, JR. | * * * * * * | 5:17-CV-501 (MTT) |
| Defendants. | * | |

## VERIFICATION

I, Gary A. Dawson, having appeared before the below-named officer duly authorized to administer oaths, hereby declare under oath that the allegations contained in the *Defendants' Answer to Plaintiff's Amended Complaint* are true and correct within my personal knowledge, information and belief.

This the 30th day of January, 2018.

_____
GARY A. DAWSON

Sworn to and subscribed before me
this the 30th day of January, 2018

_____
Notary Public

My commission expires: 7/10/21

(Official Seal)
NOTARY PUBLIC GEORGIA
FELISHA WEBSTER ROBERTS
COUNTY OF BIBB
Commission Expires JULY 10, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | * * * | |
| Plaintiff, | * * | |
| vs. | * * | Civil Action No.: 5:17-CV-501 (MTT) |
| GARY A. DAWSON, RODNEY P. DAWSON, and KAY S. DAWSON, Individually or as Executrix of the Estate of JOHN W. DAWSON, JR. | * * * * * * | |
| Defendants. | * | |

## VERIFICATION

I, Rodney P. Dawson, having appeared before the below-named officer duly authorized to administer oaths, hereby declare under oath that the allegations contained in the *Defendants' Answer to Plaintiff's Amended Complaint* are true and correct within my personal knowledge, information and belief.

This the 30th day of January, 2018.

RODNEY P. DAWSON

Sworn to and subscribed before me
this the 30th day of January, 2018.

Notary Public

My commission expires: 7/10/21



(Official Seal)
NOTARY PUBLIC GEORGIA
FELISHA WEBSTER ROBERTS
COUNTY OF BIBB
Commission Expires JULY 10, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | * * * | |
| Plaintiff, | * * | |
| vs. | * * | Civil Action No.: |
| GARY A. DAWSON, RODNEY P. DAWSON, and KAY S. DAWSON, Individually or as Executrix of the Estate of JOHN W. DAWSON, JR. | * * * * * * | 5:17-CV-501 (MTT) |
| Defendants. | * | |

## VERIFICATION

I, Kay S. Dawson, having appeared before the below-named officer duly authorized to administer oaths, hereby declare under oath that the allegations contained in the *Defendants' Answer to Plaintiff's Amended Complaint* are true and correct within my personal knowledge, information and belief.

This the 30th day of January, 2018.

_____
KAY S. DAWSON

Sworn to and subscribed before me
this the 30th day of January, 2018

_____
Notary Public

My commission expires: 7/10/21



(Official Seal)
NOTARY PUBLIC GEORGIA
FELISHA WEBSTER ROBERTS
COUNTY OF BIBB
Commission Expires JULY 10, 2021

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a true and correct copy of the within and foregoing *Defendants' Answer to Plaintiff's Amended Complaint* on the following parties, through first class mail, postage prepaid and the CM/ECF filing system:

Stewart R. Brown, Esq.
United States Attorney's Office,
Middle District of Georgia
PO Box 1702
Macon, GA 31202-1702
*Attorney for Plaintiff*

This 30th day of January, 2018.

/s/ William P. Horkan
WILLIAM P. HORKAN
GA Bar No. 940306
James Bates Brannon Groover LLP
231 Riverside Drive, Suite 100
P. O. Box 4283
Macon, GA 31208-4283
Ph. (478) 742-4280
Facsimile (478) 742-8720
Email: whorkan@jamesbatesllp.com

9